**Robert SLAUGHTER, Appellant,**

v.

**STATE of Indiana, Appellee.**

No. 49S00–8711–CR–1087.

Supreme Court of Indiana.

Dec. 6, 1988.

Timothy J. Burns, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., John D. Shuman, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Justice.

A trial by the court, without a jury, resulted in the conviction of appellant of Dealing in Cocaine, a Class B felony, for which he received ten (10) years, which was enhanced by twenty (20) years by reason of his status as an habitual offender, and Possession of Cocaine, a Class D felony, for which he received a sentence of ten (10) years, the sentences to run concurrently.

The facts are: On August 9, 1986, Indianapolis Police Officer Stephen Butler, of the Narcotics Branch, positioned himself to conduct surveillance near St. Clair Street and Indiana Avenue in Indianapolis. By use of binoculars, Officer Butler observed appellant at a distance of approximately 150 to 200 feet and saw appellant approach three or four vehicles, take money from the occupants of the vehicles, go to a nearby concrete slab and from beneath it retrieve "a small bindle," and deliver it to persons in each vehicle.

Although there were other people in the vicinity, Officer Butler testified that those who went near the concrete slab never approached any closer than approximately 20 feet. The officer testified that the three to four vehicles approached by appellant were all approached within a period of seven to ten minutes. Officer Butler then radioed for assistance and proceeded to arrest appellant. Following appellant's arrest, officers recovered 20 bindles of cocaine in the vines next to the concrete slab. Approximately 10 feet away they found a bag containing 11 bindles of cocaine.

Appellant testified that on the occasion in question he pulled up to the scene on his motorcycle, and Officer Butler pulled in behind him and arrested him. He claimed that he had never gone to the "stash" and further that Officer Butler could not have seen him from his vantage point some 200 feet from the location where the transactions supposedly took place.

Elaine Jones testified that she knew appellant and had been at the location at the time but did not see him go to the concrete slab. She did observe two other men going to the "stash" and that they were selling drugs. Defense witness Nuwanna Jones testified that she had been at the location some two and one-half to three hours, that she did see appellant pull up on his motorcycle, that Officer Butler's car pulled up behind appellant, and that appellant did not go to the "stash." Defense witness Wade Garnett Powell, Jr. testified that he had known appellant for five years, and he did not see him go to the "stash." Defense witness Eric Slaughter testified he ob-

served appellant pull up on his motorcycle, and he did not see him cross the street to the "stash."

Officer Butler was recalled to the stand and testified that during the entire period of his surveillance he did not see appellant on a motorcycle.

Appellant claims there is insufficient evidence to sustain his conviction. He recognizes that this Court will not reweigh the evidence. *Hill v. State* (1988), Ind., 517 N.E.2d 784. However, he claims the testimony of his friends, that he pulled up on a motorcycle followed by Officer Butler, was unrebutted. However, we cannot agree with appellant in this regard. The testimony was directly rebutted by Officer Butler.

Appellant also contends it is improper for the State to be permitted to rely on "constructive possession" because he did not have exclusive possession of the cocaine and that there were many others in the vicinity who had as much access as he. However, the State correctly points out that this is not a case of constructive possession. Officer Butler testified that he saw appellant in possession of small bindles taken from a "stash" that later proved to contain small bindles of cocaine and that he directly observed appellant deliver the small bindles to drivers of automobiles who had given appellant an undetermined amount of money.

The evidence before the trial court therefore was conflicting as between appellant with his witnesses and Officer Butler. It is not for this Court to invade the province of the trial court to weigh such evidence. A conviction may be sustained on the uncorroborated testimony of a single witness. *Mullins v. State* (1987), Ind., 504 N.E.2d 570. There is sufficient evidence in this case to sustain the finding of the trial court.

The trial court is affirmed.

SHEPARD, C.J., and DeBRULER, PIVARNIK and DICKSON, JJ., concur.