## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Nov 20 2019, 8:25 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Theodore J. Minch
Sovich Minch, LLP
Indianapolis, Indiana

ATTORNEYS FOR APPELLEES

Curtis T. Hill, Jr.
Attorney General of Indiana

Josiah Swinney
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Tamara L. Lucas, <br> *Appellant/Cross-Appellee/Defendant,* <br><br> v. <br><br> State of Indiana, <br> *Appellee/Cross-Appellant/Plaintiff.* | November 20, 2019 <br><br> Court of Appeals Case No. 18A-CR-3123 <br><br> Appeal from the Shelby Superior Court <br><br> The Hon. R. Kent Apsley, Judge <br><br> Trial Court Cause No. 73D01-1710-F4-24 |

**Bradford, Judge.**

# Case Summary

In September of 2017, Tamara Lucas had sexual intercourse with T.L., a fourteen-year-old boy. Lucas was convicted of Level 4 felony sexual misconduct with a minor and sentenced to five years of incarceration with four years executed and one year on home detention. Lucas contends that (1) the State produced insufficient evidence to sustain her conviction and (2) her sentence is inappropriately harsh. The State cross-appeals, arguing that Lucas's appeal should be dismissed as untimely. While we decline the State's invitation to dismiss Lucas's appeal, we find Lucas's arguments to be without merit. Consequently, we affirm.

# Facts and Procedural History

T.L. and R.L. were fourteen-year-old classmates and friends, spending a great deal of time together in the seven months prior to September 29, 2017. The duo would meet at R.L.'s house, where Lucas, R.L.'s 46-year-old mother, was usually present. Within a week before September 29, 2017, Lucas had sent T.L. a picture of herself in a bra. On September 29, 2017, T.L. spent the night at Lucas's house. At some point during the night, T.L left his bed to use the restroom and found Lucas waiting outside the restroom door. Lucas invited T.L. to join her in her bedroom, where they had sexual intercourse. R.L. witnessed Lucas having intercourse with T.L. through a crack in the door.

On October 4, 2017, the State charged Lucas with Level 4 felony sexual misconduct with a minor and two counts of Class A misdemeanor contributing to the delinquency of a minor. On August 29, 2018, a jury found Lucas guilty

of sexual misconduct with a minor.  On September 26, 2018, the trial court sentenced Lucas to five years of incarceration with four years executed and one year on home detention.

On November 19, 2018, Lucas petitioned the trial court for permission to file a belated notice of appeal, which the trial court granted the next day.  On November 28, 2018, Lucas filed her notice of appeal in the trial court but did not file a notice of appeal with this court until on or about December 28, 2018, more than thirty days after the trial court granted her permission to do so.

# Discussion and Decision

## *Cross-Appeal Issue*

# I.  Whether Lucas's Appeal Should Be Dismissed as Untimely

The State argues that Lucas's appeal should be dismissed as untimely filed.  While it is true that Lucas's belated notice of appeal appears to have been untimely filed, we choose to disregard any procedural anomaly and reach the merits of Lucas's appeal.

> Indiana's rules and precedent give reviewing courts authority "to deviate from the exact strictures" of the appellate rules when justice requires.  *In re Howell*, 9 N.E.3d 145, 145 (Ind. 2014).  "Although our procedural rules are extremely important … they are merely a means for achieving the ultimate end of orderly and speedy justice."  *American States Ins. Co. v. State ex rel. Jennings*, 258 Ind. 637, 640, 283 N.E.2d 529, 531 (1972).  *See also* App. R. 1 ("The Court may, upon the motion of a party or the Court's own motion, permit deviation from these Rules.").  This discretionary authority over the appellate rules allows us to achieve our

preference for "decid[ing] cases on their merits rather than dismissing them on procedural grounds." *Adoption of O.R.*, 16 N.E.3d at 972 (citation omitted). *See also In re Adoption of T.L.*, 4 N.E.3d 658, 661 n.2 (Ind. 2014) (considering merits after denying appellees' motion to dismiss based on procedural defect)[.]

*In re D.J. v. Ind. Dep't of Child Servs.*, 68 N.E.3d 574, 579 (Ind. 2017). So, given our oft-stated preference to decide cases on the merits and in the interest of avoiding probable additional litigation in this case, we decline the State's invitation to dismiss Lucas's appeal.

### *Direct Appeal Issues*

## II. Sufficiency of the Evidence

Lucas contends that the State failed to present evidence sufficient to sustain her conviction for sexual misconduct with a minor. When a defendant challenges the sufficiency of the evidence used to convict her of a crime, we consider only the probative evidence and reasonable inferences arising therefrom supporting the conviction. *Drane v. State*, 867 N.E.2d 144, 146 (Ind. 2007). We will affirm a conviction unless no reasonable fact-finder could find the elements of the crime proven beyond a reasonable doubt. *Young v. State*, 973 N.E.2d 1225, 1226 (Ind. Ct. App. 2012). Put another way, reversal of a defendant's conviction "is appropriate only when a reasonable trier of fact would not be able to form inferences as to each material element of the offense." *Purvis v. State*, 87 N.E.3d 1119, 1124 (Ind. Ct. App. 2017), *aff'd on reh'g*, 96 N.E.3d 123 (Ind. Ct. App. 2018). This standard of review does not permit us to reweigh the evidence or allow us to judge the credibility of the witnesses. *McCallister v. State*, 91 N.E.3d 554, 558 (Ind. 2018). In cases where there is conflicting

evidence in the record, we consider the evidence in the light most favorable to the trial court's judgment. *Drane*, 867 N.E.2d at 146.

[7] Lucas contends only that the State failed to produce sufficient evidence to establish that T.L. was fourteen years old when she had sexual intercourse with him. *See* Ind. Code § 35-42-4-9(a) ("A person at least eighteen (18) years of age who knowingly or intentionally performs or submits to sexual intercourse […] with a child less than sixteen (16) years of age, commits sexual misconduct with a minor, […] a Level 4 felony if it is committed by a person at least twenty-one (21) years of age[.]"). Lucas argues that T.L.'s testimony regarding his age at the time of the intercourse is insufficient to support her conviction. Lucas cites no authority for this proposition, and we are aware of none. Indeed, it is well-settled that "[a] conviction may be sustained on the uncorroborated testimony of a single witness." *Slaughter v. State*, 531 N.E.2d 185, 186 (Ind. 1988). Lucas is asking us to reweigh the evidence, which we will not do.

## II. Whether Lucas's Sentence is Inappropriate

[8] Lucas contends that her sentence is inappropriately harsh. We will revise a sentence only if, upon "due consideration of the trial court's decision" it nonetheless appears that "the sentence is inappropriate in light of the nature of the offense and the character of the offender." Ind. Appellate Rule 7(B); *Anglemyer v. State*, 868 N.E.2d 482, 490–91 (Ind. 2007), *clarified on reh'g*, 875 N.E.2d 218 (2007). The "nature of the offense" refers to the defendant's acts in comparison with the elements of his offense, *Cardwell v. State*, 895 N.E.2d 1219, 1224 (Ind. 2008), while "character of the offender" refers to general sentencing

considerations and the relevant aggravating and mitigating circumstances. *Knapp v. State*, 9 N.E.3d 1274, 1292 (Ind. 2014). Lucas has the burden to show her sentence is inappropriate in light of both the nature of the offense and her character. *Gil v. State*, 988 N.E.2d 1231, 1237 (Ind. Ct. App. 2013). This can only be done with "compelling evidence portraying in a positive light the nature of the offense […] and the defendant's character." *Stephenson v. State*, 29 N.E.3d 111, 122 (Ind. 2015). The trial court sentenced Lucas to five years of incarceration, four to be served in the Department of Correction with one on home detention. The sentencing range for a Level 4 felony is between two and twelve years, with an advisory sentence of six years. Ind. Code § 35-50-2-5.5.

[9] The nature of Lucas's offense justifies her less-than-advisory sentence. Lucas sent a picture of herself in a bra to a child and then had intercourse with him, an act witnessed by her own child. T.L. has experienced lasting pain as a result of Lucas's offense. Moreover, R.L. witnessing his mother having sex with his close friend has resulted in anxiety and nightmares.

[10] Lucas's character also supports her sentence. In an interview for her pre-sentence investigation, Lucas refused to accept responsibility for her actions and claimed that T.L. raped her. Moreover, while Lucas does not have any prior criminal history, she twice violated jail rules while in pre-trial custody, once for "'tearing up jail property'" and once for "'indecent exposure.'" Appellant's App. p. 113. It is worth noting that Lucas's first crime was fairly serious, a Level 4 felony with a fourteen-year old victim, a crime her own child witnessed.

[11]     Lucas argues that she deserves a lesser sentence because she was nearly forty-seven years old when she committed her offense. If anything, Lucas's age reflects poorly on her character—long past the time when she should know better, she was willing to manipulate a teenage boy into having intercourse with her. Moreover, Lucas claims that she has physical and mental-health issues. Even if this is true, we are unconvinced that her conditions should be treated as mitigating because there is no indication in the record of a nexus between her past diagnoses of anxiety and depression and her decision to have sex with a child, and we do not believe that any connection can simply be inferred. *See Conley v. State*, 972 N.E.2d 864, 874 (Ind. 2012) (noting that "the extent of any nexus between the disorder or impairment and the commission of the crime" is relevant to the trial court's consideration of a defendant's mental illness). In light of the nature of her offense and her character, we conclude that Lucas has failed to establish that her sentence is inappropriately harsh.

[12]     We affirm the judgment of the trial court.

Vaidik, C.J., and Riley, J., concur.