## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D),
this Memorandum Decision shall not be
regarded as precedent or cited before any
court except for the purpose of establishing
the defense of res judicata, collateral
estoppel, or the law of the case.



ATTORNEY FOR APPELLANT

Jane Ann Noblitt
Columbus, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Steven Hosler
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Mond Davidson Kelley,
*Appellant-Defendant,*

v.

State of Indiana,
*Appellee-Plaintiff.*

October 30, 2020

Court of Appeals Case No.
20A-CR-835

Appeal from the Bartholomew
Superior Court

The Honorable Kathleen Tighe
Coriden, Judge

Trial Court Cause No.
03D02-1811-F6-6491

**Tavitas, Judge.**

# Case Summary

Mond Davidson Kelley appeals his convictions for Count I, operating a vehicle after being an habitual traffic offender, a Level 6 felony; Count II, resisting law enforcement, a Level 6 felony; Count III, possession of marijuana, a Class B misdemeanor; and Count IV, possession of paraphernalia, a Class C misdemeanor. We affirm.

# Issue

Kelley raises a single issue, which we restate as whether the evidence is sufficient to sustain his convictions.

# Facts

The facts most favorable to the convictions follow. Shortly before midnight on October 27, 2018, Officer Drake Maddix of the Columbus Police Department was driving in a marked patrol unit eastbound on McKinley Avenue in Columbus. As Officer Maddix approached an intersection known as Five Points, he passed a gray Honda vehicle travelling westbound on McKinley Avenue. According to Officer Maddix, he passed within a "couple of feet" of the gray Honda and observed the driver, whom he identified as Kelley. Tr. Vol. II p. 71. Officer Maddix was aware that Kelley was an habitual traffic violator and, therefore, was legally prohibited from operating a motor vehicle. Officer Maddix described the driver as wearing a flat-billed hat, gray sweatshirt, and black vest.

[4] Officer Maddix turned his vehicle around to pursue the Honda. After his initial identification, Officer Maddix was unable to observe the driver of the Honda. As Officer Maddix pursued, the Honda turned northbound on Pleasant Grove and subsequently picked up speed before turning into an alley without signaling. Officer Maddix activated his siren and emergency lights in order to initiate a traffic stop.

[5] The Honda turned into a second alleyway, causing Officer Maddix to lose visual contact. Officer Maddix searched the surrounding area and relocated the Honda several minutes later, after receiving a call that a vehicle had collided with the nearby Fast Break Taxi building. When Officer Maddix reached the collision site, the driver of the Honda had already left the scene. Officer Maddix spoke with Teresa Allman, who was sitting in her taxi at the scene. Allman heard the collision, but she did not see who was driving; nor did she see the driver exit the vehicle. Upon searching the Honda, Officer Maddix located a silver pipe containing what appeared to be burnt marijuana residue in the driver's side door handle, as well as a digital scale and a Swisher Sweets "Banana Smash" cigar packet containing a substance that Officer Maddix believed to be marijuana. Finally, Officer Maddix located a cellular phone on the driver's side floorboard.[1]

---

[1] At trial, the State attempted to definitively establish that the phone belonged to Kelley but withdrew the attempt after a successful objection to admitting the evidence thereof. Tr. Vol. II p. 86.

[6] While Officer Maddix was still at the Fast Break Taxi building, a records check determined that the Honda was registered to Amanda Johnson, Kelley's former girlfriend. Officer Maddix proceeded to Johnson's home, where Kelley was located wearing a flat-billed hat, a gray sweatshirt, and a black vest.

[7] Kelley was arrested, and the State charged Kelley with Count I, operating a vehicle after being a habitual traffic offender, a Level 6 felony; Count II, resisting law enforcement, a Level 6 felony; Count III, possession of marijuana, a Class B misdemeanor; and Count IV, possession of paraphernalia, a Class C misdemeanor. After a jury trial on October 24, 2019, Kelley was convicted on all counts. Kelley now appeals.

## Analysis

[8] Kelley challenges the sufficiency of the evidence to sustain his convictions. Kelley argues that his convictions all rest on Officer Maddix's identification of Kelley as the driver of the Honda, and that the identification was insufficient to establish Kelley's guilt beyond a reasonable doubt. We review sufficiency of the evidence claims in accordance with "a deferential standard, [by] which we neither reweigh the evidence nor judge witness credibility." *Powell v. State*, 151 N.E.3d 256, 262 (Ind. 2020) (citing *Perry v. State*, 638 N.E.2d 1236, 1242 (Ind. 1994)). We must consider only the evidence supporting the judgment and any reasonable inferences drawn from that evidence. *Id.* (citing *Brantley v. State*, 91 N.E.3d 566, 570 (Ind. 2018)). We will affirm a conviction if there is substantial evidence of probative value that would lead a reasonable trier of fact to

conclude that the defendant was guilty beyond a reasonable doubt. *Id.* at 263. While we seldom reverse for insufficient evidence, we have an affirmative duty to make certain that the proof at trial is sufficient to support the verdict. *Bean v. State*, 818 N.E.2d 148, 150 (Ind. Ct. App. 2004) (citing *Bunting v. State*, 731 N.E.2d 31, 35 (Ind. Ct. App. 2000), *trans. denied*).

[9] The lynchpin of this case and the convictions is Officer Maddix's identification of the driver of Johnson's car as Kelley. Our standard of our review requires that we accept that Officer Maddix believed the driver to be Kelley, and that we consider the reasonable inferences from that evidence: that the driver was, in fact, Kelley. Kelley claims that Officer Maddix's identification was insufficient to sustain the convictions and raises questions about whether there was sufficient lighting or time for Officer Maddix to have made an accurate identification. Kelley argues that the lack of eyewitness testimony to corroborate Officer Maddix's identification and the lack of corroborating DNA evidence or fingerprint evidence affect the credibility of the identification. Kelley is asking us to reweigh the evidence, which we cannot do. *See, e.g., Milam v. State,* 14 N.E.3d 879, 881 (Ind. Ct. App. 2014) (citing *Lock v. State,* 971 N.E.2d 71, 74 (Ind. 2012)).

[10] Kelley also argues that the audio from the body camera video footage suggests that Officer Maddix only *thought* that the driver was Kelley, whereas Officer Maddix testified at trial that he was certain. We do not, however, venture into "the jury's exclusive province to weigh conflicting evidence." *McHenry v. State*,

820 N.E.2d 124, 126 (Ind. 2005) (quoting *Alkhalidi v. State*, 753 N.E.2d 625, 627 (Ind. 2001)).[2]

[11]   Kelley points us to our recent decision, *Webb v. State*, 147 N.E.3d 378 (Ind. Ct. App. 2020), *trans. denied*.   Kelley argues that we "reversed Webb's convictions because of discrepancies in the evidence and lack of physical evidence connecting Webb to the offenses charged."   Appellant's Br. p. 12.   In *Webb*, the State did not introduce a witness providing an identification of the person alleged to be the shooter as Webb; nor did the State introduce any physical evidence tying Webb to the crime.   Several witnesses gave varying inconsistent physical descriptions of the person alleged to be Webb, most of which conflicted with the uncontested proof that Webb had short hair at the time of the crime.   In the absence of any physical evidence or testimony tying Webb to the crime, the trier of fact in that case was left with insufficient evidence to reasonably sustain a guilty verdict.   We held:

> Given the discrepancies in the evidence about Webb's car and hair, the lack of physical evidence connecting Webb to the offenses, the fact that Speck never identified Webb as the shooter, the vague text messages, and the fact that the location information does not establish that Webb was the shooter, we find that the proof at trial is not sufficient to support the verdicts beyond a reasonable doubt.

---

[2] The same is true for Kelley's arguments with respect to the credibility of the uncorroborated identification of the marijuana and the matter of whether the recovered cell phone belonged to Kelley.

*Webb*, 147 N.E.2d at 387.

In the instant case, however, Officer Maddix identified the driver as Kelley. "A conviction may be sustained on the uncorroborated testimony of a single witness." *Jewell v. State*, 539 N.E.2d 959, 964 (Ind. 1989) (citing *Slaughter v. State*, 531 N.E.2d 185, 186 (Ind. 1988)). How much weight to assign Officer Maddix's identification is a matter we are bound to leave up to the jury; and, except where there is a complete absence of "substantial evidence of probative value that would lead a reasonable trier of fact to conclude that the defendant was guilty beyond a reasonable doubt," we will not second-guess the jury's decision. *Powell*, 151 N.E.3d at 263. Accordingly, the evidence is sufficient to sustain Kelley's convictions.

## Conclusion

The evidence is sufficient to sustain Kelley's convictions. We affirm.

Affirmed.

Kirsch, J., and Pyle, J., concur.