## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Nov 30 2020, 11:09 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Alexander L. Hoover
Nappanee, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Megan M. Smith
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Michael M. Harvey,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

November 30, 2020

Court of Appeals Case No.
20A-CR-548

Appeal from the Elkhart Superior Court

The Honorable Teresa L. Cataldo, Judge

Trial Court Cause No.
20D03-1904-F1-7

**Tavitas, Judge.**

# Case Summary

After a jury trial, Michael Harvey was convicted of Counts I and II, child molesting, as Level 1 felonies; and Count III, incest, a Level 4 felony. Harvey now appeals both his convictions and his sentence. We affirm.

# Issues

Harvey raises two issues, which we restate as:

    I.    Whether the trial court abused its discretion by admitting certain evidence.

    II.    Whether Harvey's sentence was inappropriate in light of the nature of the offenses and the offender's character.

# Facts

In July and August of 2018, Harvey lived with his daughter, nine-year-old J.H., and Candace Poe—J.H.'s mother—at the Garden Inn in Elkhart. Sometime between July 10, 2018, and August 9, 2018, Harvey "took off his pants, and he put his private part in [J.H.]'s mouth." Tr. Vol. II p. 229. Harvey told J.H. to "not to tell anybody, and if [J.H. did tell,] something very bad will happen to [J.H.] and to [Harvey]. And if [J.H.] didn't tell anybody, [Harvey] would get [J.H.] something very special." *Id.* at 232. J.H. subsequently disclosed to Poe that Harvey had engaged J.H. in oral sex on multiple occasions. J.H. also described the abuse to a forensic interviewer and to a nurse examiner.

[4] Elkhart General Hospital reported J.H.'s disclosure to the Elkhart City Police Department, and the case was assigned to Detective Jacqueline Davis. On January 8, 2019, Detective Davis conducted an interview of Harvey. During the interview, Harvey denied the child molestation allegations and claimed that "it was a misunderstanding." *Id*. at 167. On April 10, 2019, the State charged Harvey with Counts I and II, child molesting, as Level 1 felonies; and Count III, incest, a Level 4 felony.

[5] Prior to trial, Harvey filed a motion in limine to preclude evidence of a prior battery conviction. The facts underlying that battery conviction are as follows: Harvey pleaded guilty to battery after Harvey disciplined his son by striking his son with a belt, producing visible welts. The motion in limine was granted.

[6] At the jury trial, the State called Poe as a witness. During Harvey's cross-examination of Poe, the following colloquy ensued:

> Q: Candace, you obviously had an opportunity over the 15 years or so to observe Michael's behavior around the children, correct?
>
> A: Yes.
>
> Q: And in regards to—did you see him do homework with the children as a father?
>
> A: Yes.
>
> Q: Did you see him interact with the kids?

A: Yes.

Q: Did he seem to get along with the kids?

A: Yeah.

Q: How did he seem to get along with the kids?

A: Amazing dad. He was a good dad to the kids.

Q: Did the kids seem to enjoy interacting with him?

A: Yes, they did.

Tr. Vol. II pp. 206-07.

[7] The State subsequently sought to introduce evidence of Harvey's prior battery conviction, arguing at sidebar that Harvey's counsel opened the door to the evidence "because he asked about [Harvey's] behavior around the kids." *Id.* at 207. The trial court agreed. Harvey objected that Poe lacked direct knowledge of the prior battery and conducted a voir dire examination of Poe. The trial court overruled Harvey's objection, and the State elicited evidence from Poe that "there was an allegation of child battery made of [Harvey]," and that Harvey "discipline[d]" his own son using a "chain belt thing, hook." *Id.* at 221-22. The discipline resulted in injuries to the child, including "welts and bruises" on the child's back. *Id.* at 222.

[8]     On January 8, 2020, the jury returned a verdict of guilty on all counts. On February 6, 2020, the trial court imposed sentences for each conviction, finding the following aggravating factors, and no mitigating factors:

> The defendant has a history of criminal behavior including ten prior misdemeanors and two prior felony convictions. The victim in this case was less than 12 years old. The Defendant had the care, custody and control over the victim. The events of molestation occurred numerous times other than what was charged. The defendant informed the victim not to tell anybody or something bad would happen and that she would get something very special. The defendant admitted during his testimony to two instances as a type of explanation where the defendant was questioning the victim in regards to her prior molestation by her brother.

Appellant's App. Vol. II p. 174. The trial court sentenced Harvey to fifty years in the Department of Correction on Count I; forty years on Count II to be served consecutively to the sentence on Count I; and eight years on Count III to be served concurrently to the sentence on Count I, for an aggregate sentence of ninety years. Harvey now appeals.

# Analysis

## *I.    Admission of Evidence*

[9]     Harvey argues that the trial court abused its discretion by admitting evidence of his prior battery conviction, for which the victim was one of his own children. We review challenges to the admission of evidence for an abuse of the trial court's discretion. *Fansler v. State*, 100 N.E.3d 250, 253 (Ind. 2018). In those

instances, we will reverse only where the decision is clearly against the logic and effect of the facts and circumstances. *Id.*

[10] Harvey's first argument is that the evidence of the prior conviction was inadmissible under Indiana Evidence Rule 404.[1]  Harvey, however, did not raise a Rule 404 objection at trial; rather, Harvey argued that: "Ms. Poe was not present when these matters took place.  So she is testifying about the information as it relates to her perception, things . . . she had seen and observed.  She doesn't have any specific information about the event in and of itself." Tr. Vol. II p. 208.  Harvey's objection, therefore, appears to have been

---

[1] Evidence Rule 404 provides, in pertinent part:

(a) Character Evidence.

(1) Prohibited Uses. Evidence of a person's character or character trait is not admissible to prove that on a particular occasion the person acted in accordance with the character or trait.

(2) Exceptions for a Defendant or Victim in a Criminal Case.  The following exceptions apply in a criminal case:

(A) a defendant may offer evidence of the defendant's pertinent trait, and if the evidence is admitted, the prosecutor may offer evidence to rebut it;

(B) subject to the limitations in Rule 412, a defendant may offer evidence of an alleged victim's pertinent trait, and if the evidence is admitted, the prosecutor may offer evidence to rebut it; and

(C) in a homicide case, the prosecutor may offer evidence of the alleged victim's trait of peacefulness to rebut evidence that the victim was the first aggressor.

(3) Exceptions for a Witness.  Evidence of a witness's character may be admitted under Rules 607, 608, and 609.

(b) Crimes, Wrongs, or Other Acts.

(1) Prohibited Uses.  Evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character. . . .

based on Indiana Evidence Rule 602, which requires that "[a] witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter." Our Supreme Court has held that "[a] party's failure to object to, and thus preserve, an alleged trial error results in waiver of that claim on appeal." *Batchelor v. State*, 119 N.E.3d 550, 556 (Ind. 2019) (citing *Durden v. State*, 99 N.E.3d 645, 651 (Ind. 2018)). We find, for failure to object on the basis of Rule 404, that the issue is waived.

[11] Harvey also argues that the evidence was inadmissible under Indiana Rule of Evidence 403, which states: "The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, or needlessly presenting cumulative evidence." Again, however, Harvey's objection appears to be to Poe's lack of knowledge, not that the battery conviction was unfairly prejudicial. Harvey's counsel, however, also argued to the trial court:

> The farther [sic] that we go down the line I think the more prejudicial it would become, to the extend [sic] that we get involved with DCS investigations and things of that nature. I think we cloud issues, and we do create more of a sense of prejudice under those circumstances without being able to get back in and re-litigate the DCS case and what took place in connection with that. That would confuse the jury.

Tr. Vol. II p. 217.

[12] Waiver notwithstanding, regarding Evidence Rule 404 and Evidence Rule 403, our Supreme Court has held:

> When a party touches upon a subject in direct examination, leaving the trier of fact with a false or misleading impression of the facts related, the direct examiner may be held to have opened the door to the cross examiner to explore the subject fully, even if the matter so brought out on cross examination would have otherwise been inadmissible.

*Oliver v. State*, 755 N.E.2d 582, 586 (Ind. 2001) (quoting *Tawdul v. State*, 720 N.E.2d 1211, 1217–18 (Ind. Ct. App. 1999)); *see also Hall v. State*, 36 N.E.3d 459, 472 (Ind. 2015) (noting that "otherwise inadmissible evidence may become admissible if a party opens the door to questioning on that evidence in order to correct a deceptively incomplete disclosure") (quotations omitted).

[13] The State elicited evidence of the prior conviction to directly rebut evidence offered by Harvey on cross-examination of Poe. Poe's testimony that "[Harvey] was a good dad to the kids" left the jury with a false or misleading impression, which was directly rebutted by the fact that Harvey was convicted of battering one of those kids. Tr. Vol. II pp. 206-07.

[14] By eliciting testimony regarding the quality of Harvey's relationship with his children and the quality of Harvey's parenting, Harvey indeed "opened the door," and invited rebuttal of this evidence. Harvey argues that the battery conviction was "a type of offense completely different than the instant offense, on a completely different child than J.H., and which occurred many years prior

to the instant offense. . . ." Appellant's Br. p. 10. But, as the trial court astutely pointed out: "when the door is open, the door is open." Tr. Vol. II p. 219.

[15] Rule 404 precludes character evidence, including prior bad acts, pursuant to the purpose for which that evidence is elicited. *See, e.g., Wilson v. State*, 931 N.E.2d 914, 919-20 (Ind. Ct. App. 2010) (citing *Dumes v. State*, 718 N.E.2d 1171, 1175 (Ind. Ct. App. 1999)) ("Simply stated, evidence is inadmissible under Indiana Evidence Rule 404(b) when its only apparent purpose is to prove that the defendant is a person who commits crime."), *trans. denied*. Evidence of a person's character trait is only prohibited by Rule 404 if it is elicited to show that the person acted in accordance with that character trait in a particular instance. *See, e.g., Clark v. State*, 668 N.E.2d 1206, 1211 (Ind. 1996). Character evidence elicited for any other purpose does not run afoul of Rule 404's prohibition. Rule 404(b) provides a non-exhaustive list of possible alternative purposes, but any purpose other than the one named in Rule 404 will suffice to defeat the objection. *See Shoultz v. State*, 995 N.E.2d 647, 655 (Ind. Ct. App. 2013) (quoting *Hicks v. State*, 690 N.E.2d 215, 219 (Ind.1997)), *trans. denied*.

[16] The State elicited the prior conviction to directly rebut evidence offered by Harvey's trial counsel on cross-examination of Poe. The fact that Harvey was convicted of battering one of his children clearly rebuts "[Harvey] was a good dad to the kids," as elicited during the cross-examination of Poe. Here, Harvey was charged with crimes of a sexual nature, and it is improbable that a reasonable juror would look at a prior crime of violence and conclude that it proves—or even suggests—that a defendant committed the sexual crimes

alleged in the case in front them. Accordingly, the trial court did not abuse its discretion by admitting evidence of the battery conviction.

[17] Harvey next argues that, even if the prior battery conviction was not improper character evidence under Rule 404, it was alternatively inadmissible under Rule 403. Indiana Rule of Evidence 403 states: "The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, or needlessly presenting cumulative evidence." "'All relevant evidence is "inherently prejudicial" in a criminal prosecution, so the inquiry [pursuant to Evidence Rule 403] boils down to a balance of the probative value [of the proffered evidence] against the likely unfair prejudicial impact [of the proffered evidence].'" *State v. Seabrooks*, 803 N.E.2d 1190, 1193-94 (Ind. Ct. App. 2004) (quoting *Carter v. State*, 766 N.E.2d 377, 382 (Ind. 2002)). "'When determining the likely unfair prejudicial impact, courts will look for the dangers that the jury will (1) substantially overestimate the value of the evidence or (2) that the evidence will arouse or inflame the passions or sympathies of the jury.'" *Id.* "[T]rial courts are given wide latitude in weighing the probative value of evidence against the prejudice caused by its admission." *Wilcoxson v. State*, 132 N.E.3d 27, 31-32 (Ind. Ct. App. 2019) (citing *Bishop v. State*, 40 N.E.3d 935, 952 (Ind. Ct. App. 2015), *trans. denied*), *trans. denied*.

[18] As rebuttal evidence, the prior conviction was directly probative of the credibility of Poe, and her claim that Harvey was an "amazing dad." Tr. Vol. II pp. 206-07. Though it is certainly true that evidence of a prior criminal

history is prejudicial in the eyes of a juror, Harvey concedes that his conviction was "a completely different type of offense than the instant offense, on a completely different child than J.H. and which occurred many years prior to the instant offense." Appellant's Br. p. 10. We find that the trial court did not err in finding that the probative value was not substantially outweighed by the danger of unfair prejudice. Accordingly, the trial court did not abuse its discretion by admitting evidence of the battery conviction.

[19] Finally, we find that even if the evidence was admitted in error, that error was harmless. "An error is harmless when it results in no prejudice to the 'substantial rights' of a party." *Durden v. State*, 99 N.E.3d 645, 652 (Ind. 2018) (citing *Camm v. State*, 908 N.E.2d 215, 225 (Ind. 2009)); Ind. Trial Rule 61. According to Indiana Trial Rule 61: "at every stage of the proceeding," courts must "disregard any error or defect" that "does not affect the substantial rights of the parties." Under Indiana Appellate Rule 66(A): "[n]o error or defect" in a trial court ruling "is ground for granting relief or reversal on appeal" when "its probable impact . . . is sufficiently minor so as not to affect the substantial rights of the parties." "[A] conviction may stand when the error had no bearing on the outcome of the case." *Durden*, 99N.E.3d at 652. Here, we cannot find that the prior battery conviction had much effect on the jury in light of the evidence of guilt. "A conviction may be sustained on the uncorroborated testimony of a single witness." *Jewell v. State*, 539 N.E.2d 959, 964 (Ind. 1989) (citing *Slaughter v. State*, 531 N.E.2d 185, 186 (Ind. 1988)). Accordingly, any error in admitting evidence of Harvey's prior conviction was harmless.

## II.  *Appellate Rule 7(B)*

Harvey next challenges his sentence pursuant to Indiana Appellate Rule 7(B). The Indiana Constitution authorizes independent appellate review and revision of a trial court's sentencing decision. *See* Ind. Const. art. 7, §§ 4, 6; *Jackson v. State*, 145 N.E.3d 783, 784 (Ind. 2020). Our Supreme Court has implemented this authority through Indiana Appellate Rule 7(B), which allows this Court to revise a sentence when it is "inappropriate in light of the nature of the offense and the character of the offender." Our review of a sentence under Appellate Rule 7(B) is not an act of second guessing the trial court's sentence; rather, "[o]ur posture on appeal is [ ] deferential" to the trial court. *Bowman v. State*, 51 N.E.3d 1174, 1181 (Ind. 2016) (citing *Rice v. State*, 6 N.E.3d 940, 946 (Ind. 2014)). We exercise our authority under Appellate Rule 7(B) only in "exceptional cases, and its exercise 'boils down to our collective sense of what is appropriate.'" *Mullins v. State*, 148 N.E.3d 986, 987 (Ind. 2020) (quoting *Faith v. State*, 131 N.E.3d 158, 160 (Ind. 2019)).

"'The principal role of appellate review is to attempt to leaven the outliers.'" *McCain v. State*, 148 N.E.3d 977, 985 (Ind. 2020) (quoting *Cardwell v. State*, 895 N.E.2d 1219, 1225 (Ind. 2008)). The point is "not to achieve a perceived correct sentence." *Id*. "Whether a sentence should be deemed inappropriate 'turns on our sense of the culpability of the defendant, the severity of the crime, the damage done to others, and myriad other factors that come to light in a given case.'" *Id*. (quoting *Cardwell*, 895 N.E.2d at 1224). Deference to the trial court's sentence "should prevail unless overcome by compelling evidence

portraying in a positive light the nature of the offense (such as accompanied by restraint, regard, and lack of brutality) and the defendant's character (such as substantial virtuous traits or persistent examples of good character)." *Stephenson v. State*, 29 N.E.3d 111, 122 (Ind. 2015).

[22] When determining whether a sentence is inappropriate, the advisory sentence is the starting point the legislature has selected as an appropriate sentence for the crime committed. *Fuller v. State*, 9 N.E.3d 653, 657 (Ind. 2014). In the case at bar, Count I and Count II were Level 1 felonies, with a sentencing range "of between twenty (20) and fifty (50) years, with the advisory sentence being thirty (30) years." Ind. Code § 35-50-2-4. Count III was a Level 4 felony, with a sentencing range of "between two (2) and twelve (12) years, with the advisory sentence being six (6) years." Ind. Code § 35-50-2-5.5. The trial court imposed the maximum sentence of fifty years on Count I; a consecutive sentence of forty years on Count II; and a sentence of eight years on Count III to run concurrently to Count I, for an aggregate sentence of ninety years.

[23] Our analysis of the "nature of the offense" requires us to look at the nature, extent, and depravity of the offense. *Sorenson v. State*, 133 N.E.3d 717, 729 (Ind. Ct. App. 2019), *trans. denied*. Here, Harvey abused a position of trust, coercing his nine-year-old daughter to engage in sexual acts on multiple occasions. Harvey then attempted to conceal the crime, threatening that harm would befall both Harvey and J.H. if J.H. were to reveal the molestation.

[24] Our analysis of the character of the offender involves a "broad consideration of a defendant's qualities," *Adams v. State*, 120 N.E.3d 1058, 1065 (Ind. Ct. App. 2019), including the defendant's age, criminal history, background, and remorse. *James v. State*, 868 N.E.2d 543, 548-59 (Ind. Ct. App. 2007). We note that, in the instant case, Harvey has not expressed remorse or accepted responsibility. Indeed, he attempted to conceal his crimes by encouraging J.H. to keep them a secret, warning her that bad things would happen if she did not, and offering her rewards if she did.

[25] Moreover, "[t]he significance of a criminal history in assessing a defendant's character and an appropriate sentence varies based on the gravity, nature, proximity, and number of prior offenses in relation to the current offense." *Sandleben v. State*, 29 N.E.3d 126, 137 (Ind. Ct. App. 2015) (citing *Bryant v. State*, 841 N.E.2d 1154, 1156 (Ind. 2006)), *trans. denied*. "Even a minor criminal history is a poor reflection of a defendant's character." *Prince v. State*, 148 N.E.3d 1171, 1174 (Ind. Ct. App. 2020) (citing *Moss v. State*, 13 N.E.3d 440, 448 (Ind. Ct. App. 2014), *trans. denied*). Harvey's criminal record is decidedly not minor, and includes felony convictions for possession of cocaine and battery resulting in bodily injury to a victim less than fourteen years old, and misdemeanor convictions for theft, disorderly conduct, contributing to the delinquency of a minor, operating a motor vehicle without a valid driver's license, false informing, invasion of privacy, intimidation, and driving while suspended.

Harvey's arguments that his prior convictions are dissimilar to the ones committed in the instant case and that Harvey is only a "moderate" risk to re-offend are unavailing. In view of the age of J.H., repeated abuse of J.H., the severity of the crimes, and Harvey's lengthy and established criminal history, we cannot find that his sentence is inappropriate.

## Conclusion

The trial court did not abuse its discretion by admitting evidence of Harvey's prior battery conviction; nor was Harvey's sentence inappropriate in light of the nature of the offenses and the offender's character. We affirm.

Affirmed.

Kirsch, J., and Pyle, J., concur.